Order of disposition, Family Court, Bronx County (Douglas E. Hoffman, J.), entered on or about May 30, 2006, which, insofar as appealed from, upon a fact-finding determination of permanent neglect made at inquest upon respondent father’s default, terminated the father’s parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
A preponderance of the evidence demonstrated that termina *261 tion of the father’s parental rights was in the child’s best interests. The child is doing well in his preadoptive home, where he has lived virtually his entire life and his foster parents tend to his many special needs and wish to adopt him (see Matter of Taaliyah Simone S.D., 28 AD3d 371 [2006]). Contrary to the father’s contention, the circumstances presented do not warrant a suspended judgment. Although he has obtained employment and taken steps to address his drug problem, the record shows that the father will not be able to assume responsibility for the child in the near future, particularly where he fails to fully understand the child’s special needs or possess the ability to address them (see Matter of Michael B., 80 NY2d 299, 311 [1992]; Matter of Jazminn O’Dell P., 39 AD3d 235 [2007]). Concur—Andrias, J.E, Saxe, Gonzalez, Catterson and Acosta, JJ.